IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NABIL BELAFKIH,

                Petitioner,

    v.

U.S. DHS - IMMIGRATION AND
CUSTOM ENFORCEMENT, Immigration
and Health Services Director KARYN LANG,
DODGE COUNTY DETENTION FACILITY and
D-C-D-F MEDICAL DEPT - DIRECTORS -
PHYSICIAN AND STAFF,

                Respondents.

ORDER

07-C-526-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Nabil Belafkih has submitted a proposed pro se complaint under 42 U.S.C. § 1983 in which he alleges that he was denied adequate medical care for his eye while detained at the Dodge County Detention Facility in 2005 and 2006. He seeks leave to proceed in forma pauperis.

      Petitioner faces two preliminary hurdles. First, it is not clear from petitioner's affidavit of indigency whether he qualifies to proceed in forma pauperis. Petitioner says that he has no income and no assets, but he does not indicate how he pays for his basic needs of

1

housing, food and clothing or the basic needs of his dependent six-year-old daughter. Before I will allow petitioner to proceed in forma pauperis, he will have to supplement his affidavit with information showing how he pays for basic needs.

Second, and more problematic, it is not clear how petitioner plans to prosecute this lawsuit. Plaintiff is no longer in the United States; his return address is in Morocco. According to documents attached to his complaint, he left the country as a result of a deportation order. See also Belafkih v. Department of Homeland Security, 07-C-452 (E.D. Wis. Jul. 3, 2007) (dismissing Nabil Belafkih's petition for writ of habeas corpus on mootness grounds because he had been deported and was no longer in custody).

This raises a serious concern about petitioner's ability to prosecute this case. Because petitioner is proceeding pro se, he will have to conduct his own discovery and, more important, appear personally before the court at trial and any court hearings that might be held before trial. But such an appearance would be impossible because petitioner is prohibited from re-entering the United States for at least five years. 8 C.F.R. § 212.2. Thus, it does not appear that petitioner has the ability to bring this case to a successful resolution. There is no point in permitting petitioner to proceed if the inevitable result is dismissal for failure to prosecute.

However, I will not dismiss the case on this ground until petitioner has a chance to be heard. He may have until November 12, 2007 in which to show cause why the case

should not be dismissed for his inability to prosecute the case.

## ORDER

IT IS ORDERED that petitioner may have until November 12, 2007 in which to:

(a) complete the enclosed affidavit of indigency form and return it to the court. Petitioner should take particular care to show from where he receives the means to pay for her basic necessities, such as food, clothing and shelter; and

(b) show cause why this case should not be dismissed for his inability to prosecute it.

If petitioner does not respond to this order November 12, 2007, I will dismiss the case.

Entered this 16th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

should not be dismissed for his inability to prosecute the case.

## ORDER

IT IS ORDERED that petitioner may have until November 12, 2007 in which to:

(a) complete the enclosed affidavit of indigency form and return it to the court. Petitioner should take particular care to show from where he receives the means to pay for her basic necessities, such as food, clothing and shelter; and

(b) show cause why this case should not be dismissed for his inability to prosecute it.

If petitioner does not respond to this order November 12, 2007, I will dismiss the case.

Entered this 16th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge